UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH B. TERRY,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Respondent. | CIVIL ACTION<br>NO. 06-11421-WGY<br>CRIMINAL ACTION<br>NO. 98-10242-WGY |

MEMORANDUM AND ORDER

YOUNG, D.J.                                              April 18, 2012

I.  **INTRODUCTION**

After being convicted of drug-related crimes, this Court passed sentence on Kenneth B. Terry ("Terry") and sent him to prison. The Court used a prior state conviction in calculating Terry's criminal history category, and thus in determining his sentence. The state conviction has since been dismissed and Terry is asking for his sentence to be reconsidered. Terry has made numerous habeas petitions pursuant to 28 U.S.C. § 2255 and the First Circuit has determined that the statute of limitations has expired. Terry now asks this Court to reconsider its denial of his motion to reconsider his motion to vacate under Section 2255.

## A. Procedural Posture

Terry was convicted on December 10, 1999, and his conviction and sentence were upheld on appeal on January 10, 2001.

Terry has made several motions to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 ("habeas petition"). The habeas petitions and related proceedings are as follows:

- The first habeas petition was filed on May 7, 2002, ECF No. 152, and denied May 20, 2002 ("first petition").

- A second habeas petition was filed on January 7, 2006, ECF No. 161, and denied January 19, 2006 ("second petition").

- A third habeas petition was filed on August 10, 2006, ECF No. 162, and dismissed, sua sponte, on August 25, 2005 ("third petition").

- On September 6, 2006, this Court vacated its August 25, 2006 dismissal of the third petition and referred that petition to the First Circuit as a successive habeas petition.

- The First Circuit entered a judgment against Terry on the third petition on December 7, 2006. ECF No. 06-2375.

- On October 29, 2008, this Court reduced Terry's sentence from 324 months to 262 months pursuant to the crack amendments. ECF No. 169.

- On August 16, 2011, Terry asked this Court to reconsider its August 25, 2006 dismissal. No. 8. in ECF No. 06-11421. This Court, however, had already vacated its dismissal and referred that petitioner to the First Circuit.

- On September 9, 2011, this Court granted Terry's August 16, 2011 request, treating it as a request to reconsider his August 10, 2006 habeas petition - the third petition.

- On October 27, 2011, this Court denied Terry's request to reconsider the dismissal of the third petition.

- A fourth habeas petition was filed on October 30, 2009, ECF No. 176, and denied November 24, 2009 ("fourth petition").

- A fifth habeas petition was filed on December 19, 2011, ECF No. 184, and denied on December 20, 2011 ("fifth petition").

- On January 12, 2012, Terry asked this Court to reconsider its October 27, 2011 denial of his request for reconsideration of his third petition. ECF No. 186.

### B. Salient Facts[1]

Kenneth Terry was convicted by a jury on evidence that he was a dealer in crack and powder cocaine. At the sentencing hearing, this Court determined that Terry was responsible for 2.7 kilograms of crack cocaine and 370.9 grams of powder cocaine, and therefore set Terry's offense level at 38. This Court also determined that Terry's prior drug conviction put him in criminal history category IV. Together these determinations provided for a Guidelines sentencing range of 324-405 months imprisonment. The Court denied Terry's request for downward departure and sentenced Terry to 324 months, the low end of the applicable range.

### C. Federal Jurisdiction

This Court has federal-question jurisdiction pursuant to 42 U.S.C. § 1331 arising from the habeas petition filed under 28 U.S.C. § 2255.

## II. ANALYSIS

---

[1] These facts are taken from United States v. Terry, 240 F.3d 65 (1st Cir. 2001).

A prisoner in custody under sentence of a court may move the court which imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). A one-year statute of limitation period applies to a motion under this section. Id. § 2255(f)(4). The limitation period runs from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Id. A second or successive petition must first be certified by the court of appeals to contain newly discovered evidence or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; before it can proceed. Id. § 2255(h)(1)(2).

Terry filed his third petition on August 10, 2006. As required under Section 2255, this Court referred that petition to the First Circuit. The First Circuit decided:

> Petitioner has failed to make a showing of what we would consider due diligence in obtaining the dropping of state charges that were relied upon in his 1999 sentencing hearing. See Johnson v. United States, 544 U.S. 295, 308 (2005). Nor has petitioner made a showing that Johnson is a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 (successive motion must contain new rule or newly discovered evidence). The application for leave to file a third and successive motion under 28 U.S.C. § 2255 is denied.

Terry v. United States, No. 06-2375, (1st Cir. Dec. 7, 2006).

4

As a result, on October 27, 2011, this Court denied Terry's request to reconsider his earlier motion for reconsideration of the dismissal of his third petition.

Terry now asks this Court to reconsider its October 27, 2011 decision arguing that the First Circuit's decision ought not bind this Court. Terry argues that his third petition ought not have been reviewed by the First Circuit because it was not "second or successive."

This motion is silly; the First Circuit has already decided this case, holding that because Terry did not act with due diligence the statue of limitations has expired.

Even were this Court to ignore the First Circuit's decision, Terry's present motion is very likely itself a "second or successive" petition and would have to be sent to the court of appeals as required under the statute. Terry's memorandum cites several cases in support of his claim that his third petition was not "second or successive." When these cases are read in their entirety, however, and applied to this case, they all fail in one or more material respects.[2]

---

[2] The case on which Terry primarily relies is Panetti v. Quarterman, 551 U.S. 930 (2007). Panetti establishes a very limited holding that the Supreme Court specified was intended only for the unusual instances presented therein, specifically, a competency-to-be-executed claim deriving under Ford v. Wainwright, 477 U.S. 399 (1986). In Panetti, the Supreme Court held that a numerically second petition was not "second or successive" (and barred) because the incompetency claim was not yet ripe during the initial filing and was filed as soon as that

5

III. **CONCLUSION**

Accordingly, this Court DENIES Terry's present motion to reconsider, ECF No. 186.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

---

claim became ripe. Here, Panetti simply does not apply because this Court is not presented with a Ford-based incompetency claim. Terry acknowledges that this case is off point but asks that this Court treat it as instructive. The Supreme Court established that the Panetti "second or successive" exception was to apply only in the "unusual instances" presented in that case. Accordingly, Panetti does not apply.

6